filed in open court 8/30/17 MV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 17-58-LPS |
| ) | |
| ADAM HALL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney, District of Delaware, and Shawn A. Weede, Assistant United States Attorney, and the defendant, Adam Hall, by and through his attorney, Dina Chavar, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to Count One of the Information, which charges the defendant with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

2. The defendant understands that the maximum penalties for Count One of the Information are: twenty (20) years in prison; a $250,000 fine; a lifetime of supervised release, with a mandatory minimum of five (5) years; restitution; and a $100 special assessment. The defendant expressly acknowledges that, in the event he has a prior conviction for an offense under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, he will subject

to a mandatory minimum term of ten (10) years of imprisonment on Count One of the Information.

3. The defendant understands that if there were a trial with regard to Count One of the Information, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly possessed material that contained images of child pornography, defined as a visual depiction of a minor engaged in sexually explicit conduct, as further defined in Title 18, United States Code, Section 2256(2)(A); (2) the images of child pornography were produced using materials which had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; and (3) the images of child pornography involved a prepubescent minor or a minor who had not attained twelve (12) years of age. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One of the Information.

4. The parties stipulate and agree to the following with regard to Count One of the Information and the United States Sentencing Guidelines: (1) the defendant has a base offense level of 18 pursuant to Section 2G2.2(a)(1); (2) the defendant possessed material involving a prepubescent minor, and thus a two-level enhancement is appropriate pursuant to Section 2G2.2(b)(2); (3) the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, and thus a four-level enhancement is appropriate pursuant to Section 2G2.2(b)(4); (4) the offense involved the use of a computer, and thus a two-level enhancement is appropriate

2

pursuant to Section 2G2.2(b)(6); (5) the offense involved at least 300 images of child pornography, and thus a four-level enhancement is appropriate pursuant to Section 2G2.2(b)(7)(C). Therefore, the parties stipulate and agree that the defendant's total offense level is 30. The parties further acknowledge that this stipulation is not binding on the Court.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a three level reduction under U.S.S.G. Sections 3E1.1(a) & 3E1.1(b) for the defendant's affirmative acceptance of responsibility is appropriate.

6. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding. For his part, at the time of sentencing, the defendant agrees not to request or otherwise argue for a sentence of less than 60 months of imprisonment.

7. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum, any applicable statutory mandatory minimums, and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained

within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) to appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines; or (d) the District Court concludes that he is subject to a mandatory minimum term of ten (10) years of imprisonment pursuant to Title 18, United States Code, Section 2252A(b)(2).

9. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One of the Information, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate

Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

10. This Memorandum expressly incorporates Exhibit A, which is attached hereto and filed under seal. The government routinely files such an exhibit, even though it may or may not contain additional terms. To the extent, however, that Exhibit A contains additional terms, the parties acknowledge and agree to be bound by those terms.

11. The defendant understands that by pleading guilty to Possession of Child Pornography, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those registration requirements may apply throughout his life. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirements to keep the registration current

5

include providing updated information to the jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

12.     Pursuant to 18 U.S.C. § 2259, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities. The defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by defendant's activities.

13.     The defendant acknowledges that he owns property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 2252A(a)(5)(B) as alleged in the Information ("the Forfeited Property"). The defendant consents to the forfeiture and agrees to waive all right, title and interest in: one dark blue LG TracFone (Serial No.

6

503CYCV2522483) and one PlayStation 4, Model CUH1001A (Serial No. MB011741039). The defendant consents to the administrative or judicial forfeiture of the Forfeited Property pursuant to 18 U.S.C. § 2253, as (a) visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense of conviction; (c) property, real or personal, used or intended to be used to commit or to promote the commission of the offense of conviction or any property traceable to such property; and/or (d) as substitute assets pursuant to 21 U.S.C. § 853(p). The defendant shall execute any documents necessary for the entry of the judicial or administrative forfeiture of the Forfeited Property.

14. It is further agreed by the undersigned parties that this Memorandum – together with sealed Exhibit A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

_____
Dina Chavar, Esquire
Attorney for Defendant

_____
Adam Hall, Defendant

Dated: 7/19/17

DAVID C. WEISS
Acting United States Attorney

By: _____
Shawn A. Weede
Assistant United States Attorney

**AND NOW**, this 30th day of August, 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
UNITED STATES DISTRICT JUDGE

8